## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 18-189(6) (DWF) |
| Respondent-Plaintiff, | Civil No. 20-922 (DWF) |
| v. | **MEMORANDUM** |
| | **OPINION AND ORDER** |
| Jose Rogelio Tafolla-Rojas, | |
| Petitioner-Defendant. | |

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Jose Rogelio Tafolla-Rojas' ("Petitioner-Defendant") *pro se* motion under 28 U.S.C. § 2255 to vacate, correct or set aside sentence.  (Doc. No. 322.)  The United States of America (the "Government") opposes the motion.  For the reasons set forth below, the Court respectfully denies the motion.

## BACKGROUND

On August 6, 2018, Petitioner-Defendant was charged in a multi-count, multi-defendant indictment with conspiracy to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (Count 1); and distribution of 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 8).  The charges against Petitioner-Defendant arise from Petitioner-Defendant's drug trafficking activities from May through August 2018.  (*See* Revised Presentence Investigation Report ("PSI") ¶¶ 2, 12, 15-19,

25.)  In particular, on July 11, 2018, in Rochester, Minnesota, Petitioner-Defendant and two accomplices distributed 434 grams of actual methamphetamine to a police undercover officer.  (Doc. No. 128 ("Plea Agreement") ¶ 2; PSI ¶¶ 16, 19, 25.)

On October 18, 2018, Petitioner-Defendant pleaded guilty to Count 8 of the Indictment—distribution of 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  Petitioner-Defendant acknowledged that he was responsible for between 150 and 500 grams of actual methamphetamine.  (Doc. No. 128 ¶ 8.a.)  On April 8, 2019, the Court sentenced Petitioner-Defendant to 120 months' imprisonment.  (Doc. No. 254.)

Petitioner-Defendant now makes the following motion under § 2255, claiming that his defense counsel was ineffective for (1) not objecting to a 2011 conviction, and (2) failing to ascertain the purity of the methamphetamine involved in the offense.

## DISCUSSION

Title 28, United States Code, Section 2255, provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence."  In making such a motion, a § 2255 action requires a prisoner to show that he or she is entitled to such extraordinary relief because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .

28 U.S.C. § 2255(a).  If the court finds such a defect in sentencing, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a

2

new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A § 2255 request for relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

## A.      Ineffective Assistance of Counsel

The United States Constitution guarantees that the accused "shall enjoy the right . . . to have the Assistance of Counsel" in criminal prosecutions. U.S. Const. amend. VI. To prevail on a claim for ineffective assistance of counsel under § 2255, however, a defendant must overcome a "heavy burden." *Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). To do so, a defendant must first "show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Second, the defendant must establish that the deficient performance actually prejudiced the defense. *Id*.

Here, Petitioner-Defendant offers two reasons that his defense counsel was ineffective. First, Petitioner-Defendant argues that his defense counsel was ineffective for failing to object to a 2011 conviction in California for evading a peace officer, hit and run, and obstructing a police officer. (*See* PSI ¶ 48.)[1] Second, Petitioner-Defendant argues that his counsel was ineffective for failing to obtain test results for drug purity and

---

[1]      Defendant asserts that this conviction was dismissed on April 9, 2014. (Doc. No. 322 at 4.)

"did not help [Defendant] get results tested with a company of our choice for a second opinion."  (Doc. No. 322 at 5.)

The government argues that both of Petitioner-Defendant's arguments supporting his claim of ineffective assistance of counsel fail.  First, the government notes that even if Petitioner-Defendant's counsel would have objected to Petitioner-Defendant's 2011 conviction, Petitioner-Defendant would have still been subject to a 10-year mandatory minimum sentence.  The Court agrees.  Specifically, the government has demonstrated that Petitioner-Defendant did not dispute that he was convicted of a first-degree controlled substance crime for which he received three criminal history points, and that this conviction disqualified him from "safety-valve" consideration.  (*See* PSI ¶ 50; 18 U.S.C. § 3553(f)(1)(B).)  Accordingly, even if Petitioner-Defendant could show that his 2011 conviction was dismissed, Petitioner-Defendant cannot demonstrate any prejudice as required by the *Strickland* test.

Second, Petitioner-Defendant has failed to demonstrate that his counsel was ineffective for failing to obtain or facilitate the testing of drug purity.  The amount and purity of the methamphetamine involved in this case was not in dispute.  The government points out that Petitioner-Defendant was provided a copy of the laboratory report in August 2018, nearly two months before he pleaded guilty in October 2018.  (*See* Gov't Ex. 1; PSI ¶ 19.)  And with respect to defense counsel's failure to help Petitioner-Defendant test the purity of the drugs using an outside company, any result of such an independent laboratory test is speculative.  Moreover, the government points out that the 10-year mandatory minimum would have been triggered by 50 grams of actual

methamphetamine, and that in this case, a certified laboratory found that 434 grams of

actual methamphetamine was involved and Petitioner-Defendant admitted to that amount

at his plea hearing.  (Doc. No. 128 ¶ 8.a.)  The Court finds that Petitioner-Defendant's

argument on this point lacks merit.

**B.     Evidentiary Hearing**

Based on the record before the Court, there is no reason for the Court to further

explore any credibility issues with respect to Petitioner-Defendant's claims.  A § 2255

motion can be dismissed without a hearing when:  (1) defendant's allegations, if accepted

as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true

because they are contradicted by the record, are inherently incredible, or are conclusions,

rather than statements of fact.  *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

The Court concludes that no evidentiary hearing is required in this case.

**C.     Certificate of Appealability**

Finally, an appeal cannot be taken from a final order denying a motion under

§ 2255 without a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B);

Fed. R. App. P. 22(b)(1).  A court cannot grant a COA unless the applicant has made "a

substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  The

Court has considered whether the issuance of a COA is appropriate.  In that context, the

Court concludes that no issue raised is "debatable among reasonable jurists."  *Flieger v.*

*Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432

(1991) (per curiam)).  Petitioner-Defendant has not made the "substantial showing of the

denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## ORDER

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the entire procedural history and record in this matter, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1.     Petitioner-Defendant Jose Rogelio Tafolla-Rojas' *pro se* motion under 28 U.S.C. § 2255 to vacate, correct or set aside sentence (Doc. No. [322]) is respectfully **DENIED**.

2.     No evidentiary hearing is required in this matter.

3.     No Certificate of Appealability will be issued to Petitioner-Defendant.

4.     This matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  November 12, 2020                    s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge